**Bertie England COOK, a widow and Travis England Cook, Appellants,**

v.

**KLEBERG COUNTY (Self-Insured) and Aetna Insurance Company, Appellees.**

**No. 1385.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 13, 1979.

## OPINION

YOUNG, Justice.

This is an appeal in a workman's compensation case from a take nothing judgment against the plaintiffs. Appellants contend that the trial court erred in its ruling by holding that the insurance company's attorney had both the statutory and contractual authority to bring this suit. We affirm.

A fair summary of the pertinent facts is as follows. Appellee Kleberg County instituted an insurance program as a political subdivision employer, authorized under Tex. Rev.Civ.Stat.Ann. art. 8309h (1973), to provide workmen's compensation insurance for its employees. Kleberg County and the Texas Association of Counties entered into a contract providing for an insurance policy which would cover its employees, of which Mrs. Cook's deceased husband was one. The servicing contractor for the insurance fund was Aetna Insurance Company.

Appellants Bertie England Cook and her son, Travis England Cook, received a favorable award from the Texas Industrial Accident Board, which was challenged by the appellees Kleberg County and Aetna on an appeal to the 28th District Court of Kleberg County. Appellants thereafter filed a pretrial Motion to Show Authority under Rule 12, T.R.C.P. The appellants have brought forward a statement of facts regarding the Rule 12 hearing, but no order by the trial court in response thereof. At the trial there was a realignment of the parties, thus making appellants Cook the plaintiffs in the cause of action. The trial on the merits was before a jury. Based upon the jury's verdict, the trial court rendered judgment that the Cooks take nothing. Appellants Cook have not brought forward a statement of facts of that proceeding in their appeal. Nor have they brought forward an agreed statement under Rule 378, T.R.C.P.

This Court has consistently applied the presumption that in the absence of a complete record on appeal, the trial court is deemed to have found evidence to support its holding on every fact issue. *American National Insurance Company v. Briones,*

Sally R. Farris, Harris, Cook, Browning & Barker, Corpus Christi, for appellants.

Ronald B. Brin, Maddin, White & Brin, Corpus Christi, for appellees.

570 S.W.2d 574 (Tex.Civ.App.—Corpus Christi 1978, no writ). Only in those cases in which fundamental error is presented will a reviewing court reverse a trial court's judgment in the absence of a statement of facts. *White v. Corpus Christi Little Miss. Kick. Ass'n*, 526 S.W.2d 766 (Tex.Civ.App.— Corpus Christi 1975, no writ). In this case no fundamental error has been presented, so the judgment must be affirmed.

Appellants' points of error attack the judgment on the grounds that the appellee Aetna lacked statutory and contractual authority to bring suit. And we will discuss these points.

██ The crux of appellants' argument is that the appellee Aetna had no authority to bring suit for Kleberg County against the Cooks. The appellants originally raised this issue in a Rule 12 Motion to Show Authority, T.R.C.P. In the absence of a complete statement of facts, we must presume that the evidence heard at the trial supported the judgment. That is, the trial judge is presumed to have heard evidence and found that the appellee, Aetna Insurance Company, did have the authority to bring suit. It is the burden of the appellants to provide the reviewing court with a record which reveals reversible error if any. *White v. Corpus Christi Little Miss. Kick. Ass'n*, supra; *Englander Company v. Kennedy*, 428 S.W.2d 806 (Tex.Sup.1968). This the appellants have not done.

██ Even so the appellants contend that Aetna had neither contractual nor statutory authority to bring suit in the district court. Regarding workmen's compensation benefits to its employees, a political subdivision may either provide insurance for itself or may enter into interlocal agreements. Tex.Rev.Civ.Stat.Ann. art. 8309h, § 2(a) (1973); Tex.Att'y Gen.Op.No. H-338 (1974). And clearly Article 8309h gives to a political subdivision the right to acquire legal counsel to represent any and all of its interests in relation to workmen's compensation benefits. Tex.Rev.Civ.Stat.Ann. art. 8309h, § 8 (1973). Consequently, Aetna had statutory authority to bring suit.

Kleberg County, of which Mrs. Cook's deceased husband was an employee, exercised the authority granted by Article 8309h and entered into a contractual agreement with the Texas Association of Counties whereby Aetna became the servicing contractor. Paragraphs 11 and 15 of that contract clearly gave Aetna the right to defend and to prosecute "any litigation" relative to employee claims. Therefore, Aetna had contractual authority to bring suit. Appellants' points 1 and 2 are overruled.

The judgment of the trial court is affirmed.