Baltazar SALAZAR, d/b/a Eyeglass
and Eyewear Optical, Appellant,

v.

Boca Chica TOWER, Appellee.

No. 13–83–494–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 1984.

Matias Morin, Jr., Edinburg, for appellant.

Robert Garza, Brownsville, for appellee.

Before UTTER, YOUNG and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal by writ of error from a default judgment. We affirm the judgment of the trial court.

On February 1, 1983, appellee originally sued "BALTAZAR SALAZAR, d/b/a EYE-GLASS & EYEWEAR OPTICAL," as defendant, to collect damages and attorney's fees for breach of a lease. A copy of the subject lease was appended to Plaintiff's Original Petition as "Exhibit A." The parties to the lease were appellee Boca Chica Tower, as lessor, and, as lessee, "Eyeglass & Eyewear Optical ... BY: Baltazar Salazar Lessee." The lease agreement was signed by "Baltazar Salazar, Jr."

Pursuant to a Motion for Service under Rule 106, the trial court, on February 1, 1983, ordered that all process of service be executed in Cameron County, Texas, by any one of three specified disinterested adult county residents. On February 1, 1983, citation was issued to "BALTAZAR SALAZAR, d/b/a Eyeglass and Eyewear Optical on Palm Blvd. and W. St. Charles, Brownsville, Texas 78520." The citation indicated that a copy of Plaintiff's Original Petition accompanied the citation. After the citation was served, the authorized person who served the citation noted in his affidavit on the return of citation that, on February 3, 1983, he served the citation upon "Baltazar Salazar, d/b/a Eyeglass & Eyewear Optical. 2/14/83 3:12 P.M. 305 Palm Blvd. Brownsville, Texas."

Following the failure of "BALTAZAR SALAZAR, d/b/a EYEGLASS AND EY-EWEAR OPTICAL" to timely appear or answer and after a hearing, the trial court on March 18, 1983, entered a default judgment in favor of appellee, awarding damages and attorney's fees for breach of the subject lease. On March 21, 1983, three days after the default judgment was entered, Matias Morin, Jr., as attorney for defendant "BALTAZAR SALAZAR," untimely filed Defendant's Original Answer, which consisted of only a general denial as provided by TEX.R.CIV.P. 92. The record reflects that no motion for new trial or motion to set aside the default judgment was ever filed by appellant. On August 11, 1983, appellee filed Plaintiff's Motion to Compel Answer to Interrogatories in Aid of Judgment.

On September 19, 1983, Matias Morin Jr., as attorney for appellant "Baltazar Salazar Jr.," filed in the trial court appellant's Petition for Writ of Error, which, in pertinent part, alleged:

4. Service was not made upon Baltazar Salazar Jr., the person doing business as Eyeglass and Eyewear Optical, but upon Baltazar Salazar, a person with no interest in the outcome of this litigation;

5. There is nothing in the record indicating that the person served is agent for Baltazar Salazar, Jr.;

Appellant, in his brief on appeal, acknowledges that "Baltazar Salazar, Jr., doing business as Eyeglass & Eyewear Optical," was the signatory to the subject lease. It is apparent that the signature of "Baltazar Salazar Jr.," which was affixed to appellant's affidavit to his Petition for Writ of Error and to appellant's Bond for Cost, is virtually identical to the signature affixed to the lease, the subject of the original suit.

In his second point of error, appellant asserts that the default judgment is void because "service of process by appellee was insufficient as it was served on an individual not the appellant or agent for service for appellant."

In order to uphold a default judgment which is directly attacked by a writ of error, it is essential that there be a strict compliance with the Texas Rules of Civil Procedure relating to the issuance of citation, the manner or mode of service and the return of process. *Wayne Smith, Individually & d/b/a Wayne's Restaurant v. Commercial Equipment Leasing Company,* 678 S.W.2d 917 (Tex.1984); *Mega v. Anglo Iron and Metal Company of Harlingen,* 601 S.W.2d 501 (Tex.Civ.App.—Corpus Christi 1980, no writ); In a direct attack upon a default judgment, there are no presumptions of valid issuance, service and return citation. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *Mega v. Anglo Iron and Metal Company of Harlingen,* 601 S.W.2d at p. 503; *Hanover Modular Homes of Taft v. Corpus Christi Bank &*

*Trust,* 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, no writ).

Appellant contends that the signatory on the subject lease agreement was himself, "Baltazar Salazar Jr.," but that process of service was executed upon "Baltazar Salazar," "a completely different person from appellant and not agent of appellant." On the other hand, appellee argues (1) that the record affirmatively shows that appellant was personally served with process and (2) that, even though citation was issued to "BALTAZAR SALAZAR, d/b/a Eyeglass and Eyewear Optical," the omission of the designation or suffix "Jr." did not result in an invalid service of process.

A mistake in stating the defendant's name in the citation has been consistently held to be fatally defective. *Southern Pacific Company v. Block,* 84 Tex. 21, 19 S.W. 300 (1892); *Mega v. Anglo Iron and Metal Company of Harlingen,* 601 S.W.2d at p. 504; *Fleming v. Hernden,* 564 S.W.2d 157 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.).

However, unlike the cases cited in support of the preceding rule, the present case does not involve a misstatement of the defendant's name in the citation. In the instant case, the designation or suffix "Jr." is a nonessential part of the appellant's name for purposes of service of process, and the omission of said designation or suffix does not render the appellant's name misstated, rather the omission merely renders the defendant's name abbreviated in a common form.[1] A commonly known diminutive or abbreviation of a name is sufficient to identify a person in absence of evidence indicating that a different person is intended. *See O'Brien v. Cole,* 532 S.W.2d 151 (Tex.Civ.App.—Dallas 1976, no writ); *see also Ex Parte Elliott,* 542 S.W.2d 863 (Tex.Crim.App.1976). Consequently, we hold that the omission of the designation or suffix "Jr.," in and of itself,

does not render service of process fatally defective. Furthermore, we hold that, in the instant case, the designation "d/b/a Eyeglass and Eyewear Optical" and the above-specified address are qualifications which insured that appellant, the signatory of the subject lease upon which appellee based its suit, would be the proper recipient of service of citation. *See Hughes v. Board of Trustees, Tarrant County Junior College District,* 480 S.W.2d 289 (Tex. Civ.App.—Fort Worth 1972, writ ref'd n.r. e.). We overrule appellant's second point of error.

In his first point of error, appellant asserts that he was denied a statement of facts of the default judgment hearing. In support of his claim of entitlement to said statement of facts, appellant alleges in his brief on appeal that:

> Appellant has exercised due diligence in requesting preparation of the statement of facts and designation ... and has consistently urged the court reporter for the preparation of the same when appellant's counsel is in Brownsville.

Where an appealing party exercises due diligence and, through no fault of his own, is unable to obtain a proper record of the evidence introduced, he may be entitled to a new trial where his right to have the case reviewed on appeal can be preserved in no other way. *Smith v. Smith,* 544 S.W.2d 121 (Tex.Comm.App.1976, opinion adopted). However, the appealing party must exercise due diligence and be unable to obtain a proper record through no fault of his own. *Ibid.* at p. 123; *see Victory v. Hamilton,* 91 S.W.2d 697 (Tex.1936). Appellant has the burden to provide this Court with a record which reveals reversible error. *Cook v. Kleberg County,* 587 S.W.2d 776 (Tex.Civ.App.—Corpus Christi 1979, no writ).

In the instant case, appellant does not allege that it was impossible to prepare

---

1. Although we have been unable to find any Texas civil cases directly on point, we note that it has been held by the Texas Court of Criminal Appeals that the designation or suffix "Jr." forms no part of the defendant's name, and its addition or omission is immaterial and may be rejected as surplusage. *Cherry v. State,* 447 S.W.2d 154 (Tex.Crim.App.1969); *Smith v. State,* 435 S.W.2d 526 (Tex.Crim.App.1969).

a statement of facts, but rather that the court reporter would not respond to his request to do so. There is nothing in the record before us which supports appellant's allegation. We hold that appellant's allegation alone is insufficient to show due diligence or to show that, through no fault of his own, he was unable to procure a statement of facts. Appellant's first point of error is overruled.

In his third point of error, appellant complains:

Appellant was not served with notice of the date and time of trial by the clerk of the trial court, in violation of Rule 21, Rule 21A and Rule 245, Texas Rules of Civil Procedure, and the same constituted a denial of appellant's right to be heard.

Appellant's reliance on TEX.R.CIV.P. 21 and TEX.R.CIV.P. 21A (1981) is misplaced. These rules concern motions. The procedure to be followed in obtaining a default judgment is set out in TEX.R.CIV.P. 239 and 239A. TEX.R.CIV.P. 239, in pertinent part, provides:

Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the citation with the officer's return thereon shall have been on file with the clerk the length of time required by Rule 107.

The record before us affirmatively shows compliance with the above procedure.

Regarding appellant's complaint that there was a violation of TEX.R.CIV.P. 245, we note that, both before and after the 1984 amendments to the rule, TEX.R. CIV.P. 245 provided:

Noncontested cases may be tried or disposed of at anytime whether set or not, and may be set at anytime for any other time.

Appellant failed to timely file an answer; therefore, the noncontested suit pending against appellant at the time of the default judgment fell within the purview of and complied with the provision of TEX.R.

CIV.P. 245 concerning noncontested cases. Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.

GONZALEZ, J., not participating.