Bing ROGERS, Petitioner,

v.

TEXAS COMMERCE BANK–REAGAN, Respondent.

No. C–7477.

Supreme Court of Texas.

June 29, 1988.

Rehearing Denied Sept. 14, 1988.

Jamie J. Elick, Bellville, for petitioner.

Richard L. Abrams, Houston, for respondent.

PER CURIAM.

At issue is the propriety of a court disposing of a case at a time earlier than it was originally set for trial, in the absence of and without notice to one of the parties.

The court of appeals, in an unpublished opinion, found no reversible error in this procedure, and accordingly affirmed the trial court judgment. We reverse the judgment of the court of appeals and remand this cause to the trial court.

In response to the Houston Reagan branch of Texas Commerce Bank's suit alleging default on a note, Bing Rogers filed, pro se, a sworn answer alleging satisfaction and discharge as well as some sort of duress and deception by the bank. The bank moved for summary judgment, and Rogers filed a response. On October 17, 1986, the trial judge denied the bank's motion for summary judgment and, after the hearing, orally advised the parties that the case was set for trial on the non-jury docket on November 10, 1986 at 11:00 a.m.

On October 29, Rogers filed a letter with the clerk requesting a jury trial and paid the jury fee. The letter also requested that the clerk notify Rogers "of date of trial by jury."

On the morning of November 10, Rogers called the clerk and determined that the case was still on the non-jury docket and still set for trial. Rogers told the clerk he was on his way to the courthouse. When he arrived at the courtroom at 10:30 a.m., he was told the case had already been heard at 9:30 a.m.[1] Some time later, the trial judge signed a judgment for the bank reciting that Rogers had not appeared and no jury had been demanded (this latter recitation being made despite clearly contradictory evidence).

Because of our disposition of this case it is unnecessary to address the issue of Rogers' entitlement to a jury. Our state constitution declares that "[n]o citizen of this State shall be deprived of ... property ..., except by the due course of the law of the land." Tex. Const. art. I, § 19. In addition, Tex.R.Civ.P. 245 requires "reasonable" notice of trial settings. On the undisputed facts before us, we hold the trial court had no discretion to hear and determine the case in Rogers' absence prior to the time he was notified to appear. The decision of the court of appeals is contrary both to the Constitution and Tex.R.Civ.P. 245. We grant Rogers' application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals. We remand this cause to the trial court for trial on the merits.

---

1. The court of appeals accepted these facts as true, presumably under Tex.R.App.P. 74(f) (court may accept factual statements in appellant's brief as correct unless challenged by opposing party). The bank has not favored our court or the court of appeals with any response brief.