Opinion issued November 6, 2003

     







 


                                                
In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00880-CV




STANLEY CHARLES THORNE, Appellant

V.

SHARON DAWN HANSEN 
F/K/A SHARON DAWN THORNE, Appellee

                                                                                                                                                  

On Appeal from the 312th District Court 
Harris County, Texas
Trial Court Cause No. 01-38235
                                                                                                                                                       






MEMORANDUM OPINION

The trial court rendered default judgment in a divorce proceeding between
appellant, Stanley Charles Thorne, and appellee, Sharon Dawn Hansen.


 We
determine whether the trial court abused its discretion in proceeding to trial and
granting a default judgment on the divorce decree prior to April 15, 2002, the original
trial date. We affirm. 
Background

          After marrying and having three children with Thorne, Hansen sued Thorne for
divorce on July 30, 2001. On December 7, 2001, the trial court set a trial date of
April 15, 2002 for the proceeding. Thorne was then notified of the suit by service of
citation on December 14, 2001, but failed to file an answer. The trial court held an
evidentiary hearing on Hansen’s petition for divorce on February 8, 2002, which was
two months before the scheduled trial date. At the ex parte hearing, the trial court
rendered default judgment and signed a divorce decree. Thorne was not notified of
the hearing and was not present.
To prevail in this restricted appeal, Thorne must establish that (1) the notice of
appeal was filed within six months of the date of judgment; (2) he was a party to the
suit; (3) he did not participate at trial; and (4) the errors of which he complains are
apparent from the face of the record. Tex. R. App. P. 30; Hercules Concrete Pumping
Serv., Inc. v. Bencon Management & Gen. Contracting Corp., 62 S.W.3d 308, 309
(Tex. App.—Houston [1st Dist.] 2001, pet. denied). Thorne meets the first three
criteria, so we must determine only whether there is error on the face of the record. 
We may consider all of the papers on file, as well as the reporter’s record, in making
our determination. DSC Finance Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991)
(per curiam).Preliminary Motions
          Thorne has moved for leave to file an “amended and supplemented” brief,



which brief this Court has received. Although the motion and amended brief should
have been filed earlier, we may allow appellant to supplement or to amend his brief
at any time. Tex. R. App. P. 38.7. Furthermore, Hansen does not oppose the motion;
she urges that we grant it. Thorne seeks to amend his original brief by abandoning
issues two through five, leaving only one issue for this Court to address. Because
there are no other changes in the amended brief that would result in prejudice to
Hansen, we grant Thorne’s motion for leave to file an amended brief. We need not
consider any issues that an appellant abandons in his amended brief.


 See Granite
Const. Co. v. Mendoza, 816 S.W.2d 756, 767 (Tex. App.—Dallas 1991, writ denied).
          Hansen has filed a motion to strike Thorne’s reply brief because he included
as an appendix a letter, addressed to the trial court, that was not part of the appellate
record. An appellant is permitted to file a reply brief that addresses matters contained
in an appellee’s brief. Tex. R. App. P. 38.3. However, we cannot consider documents
that are attached to the brief and that are not part of the record. Till v. Thomas, 10
S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The letter that
Thorne attached as an appendix to his reply brief is not part of our record, was not
file-stamped, and was apparently written several months after the trial court had
signed the divorce decree. Because the letter is not part of the record, we will not
consider it. See id. We will not strike Thorne’s entire reply brief, however, simply
because he has included one document that is outside of the record. Therefore, we
deny Hansen’s motion to strike the reply brief. 
Standard of Review
          We review the granting of a default judgment for an abuse of discretion. 
Zuniga v. Zuniga, 13 S.W.3d 798, 801 (Tex. App.—San Antonio, 1999, no pet.). If
a court acts without reference to any guiding rules and principles or acts arbitrarily
and unreasonably, then it has abused its discretion. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
          In a divorce proceeding, if the respondent does not file an answer, the
allegations in the petition may not be taken as confessed. Tex. Fam. Code Ann. §
6.701 (Vernon 2003). Consequently, even when the respondent fails to answer the
complaint, the petitioner must adduce proof to support the material allegations
contained in the petition. Considine v. Considine, 726 S.W.2d 253, 254 (Tex.
App.—Austin 1987, no writ). Accordingly, a default judgment of divorce is subject
to an evidentiary attack on appeal. Id.
Default Judgment
          In his sole issue, Thorne argues that the default judgment should be set aside. 
Thorne contends that the trial court abused its discretion in granting Hansen a default
judgment on February 8, 2002 instead of waiting until April 15, 2002, which was the
original trial date listed on the court’s docket. Thorne recognizes that the trial court
would normally have had the ability to grant a default judgment at any time after he
failed to answer. See Tex. R. Civ. P. 247. However, citing rule of civil procedure
247, Thorne claims that, once the case was already set for trial, the date could not be
moved unless both sides agreed or unless Thorne was notified of the change. See
Tex. R. Civ. P. 247.
          Rule 239 states that “at any time after a defendant is required to answer, the
plaintiff may in term time take judgment by default against such defendant if he has
not previously filed an answer, and provided that the citation with the officer’s return
thereon shall have been on file with the clerk for the length of time required by Rule
107.” Tex. R. Civ. P. 239. Thorne admits that this rule would have normally allowed
the trial court to grant Hansen a default judgment because Thorne did not respond to
the complaint within the required time limit. He contends, however, that because the
case had already been set on the docket, rule 247 should control. Rule 247 requires
that “[n]o cause which has been set upon the trial docket of the court shall be taken
from the trial docket for the date set except by agreement of the parties or for good
cause upon motion and notice to the opposing party.” Tex. R. Civ. P. 247. Rule of
Civil Procedure 245, however, states: 
The Court may set contested cases on written request of any party, or on
the court’s own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the
parties; provided however, that when a case previously has been set for
trial, the Court may reset said contested case to a later date on any
reasonable notice to the parties or by agreement of the parties. 
Noncontested cases may be tried or disposed of at any time whether set
or not, and may be set at any time for any other time. 
 
Tex. R. Civ. P. 245 (emphasis added).
 
          Although rule 247 makes no distinction between contested and noncontested
cases, rule 245 makes it clear that noncontested cases can be disposed of at any time,
even if they have been set for trial at another time. Rule 245 requires reasonable
notice to the parties in contested cases, but it does not require the same notice for
noncontested cases. 
          Thorne, nonetheless, argues that “[i]t is a fundamental and self-evident truth”
that the case became contested when the trial court set it for trial. However, he does
not cite any authority that supports his position. Because Thorne incorrectly asserts
that his case became contested when it was set for trial, his later reliance on Rogers
v. Tex. Commerce Bank-Reagan, 755 S.W.2d 83 (Tex. 1988) and Green v. McAdams,
857 S.W.2d 816 (Tex. App.—Houston [1st Dist.] 1993, no writ) is misplaced. An
answer was filed in both Rogers and Green, making both cases contested. See
Rogers, 755 S.W.2d at 84 (explaining that sworn answer was filed); Green, 857
S.W.2d at 817 (asserting that answer was filed). Because Thorne did not file an
answer to the original complaint, this was a noncontested case. See Salazar v. Tower,
683 S.W.2d 797, 800 (Tex. App.—Corpus Christi 1984, no writ) (stating that
“[a]ppellant failed to timely file an answer; therefore, the noncontested suit pending
against appellant at the time of the default judgment fell within the purview of and
complied with the provision of Tex. R. Civ. P. 245 concerning noncontested cases.”) 
            Under rule 245, the trial court could dispose of the case “at any time,”
including at an earlier evidentiary hearing, even though the case had been set on the
docket for a later date. Accordingly, we hold that the trial court did not abuse its
discretion in granting Hansen a default judgment for divorce at the February 8, 2002
ex parte hearing. Because we have overruled Thorne’s sole challenge to the divorce decree, we
grant Hansen’s motion to restyle the case to reflect her new last name, and we deny
Thorne’s motion for sanctions alleging that Hansen’s motion to restyle the case is
frivolous.


 
Conclusion

          We affirm the judgment of the trial court.

 
 
 

                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Jennings, and Hanks.