NOS. 07-07-0229-CR


 07-07-0230-CR

 07-07-0231-CR

 07-07-0232-CR

 07-07-0233-CR

 07-07-0234-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 15, 2008


______________________________



LEWIS PETEET, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NOS. 4288, 4289, 4290, 4291, 4292, 4293;



HONORABLE STEVEN EMMERT, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Lewis Julian Peteet, appeals the sentences from his convictions for six
first degree felonies. Appellant was sentenced to terms of 99 years imprisonment in the
Institutional Division of theTexas Department of Criminal Justice and fines of $10,000 for
each of the six convictions. All six sentences were ordered to be served consecutively. 
By one issue, appellant contends that the sentencing to consecutive terms was error. We
agree and reform the judgments to reflect concurrent sentencing in the six cases.

 The facts are not in dispute. Appellant and another individual, both armed, forcibly
entered the home of Jimmy Maddox and restrained Jimmy Maddox, Tammy Maddox, and
their daughter. All three were bound with their hands behind them and placed in the cellar
of the family home. Items of personal property and the family automobile were taken. 
Subsequently, appellant was captured and indictments were returned alleging one count
of aggravated robbery and one count of aggravated kidnapping for each victim. The State
filed a motion to try all six cases in one jury trial. The trial court granted the motion. The
jury returned guilty verdicts in each of the six cases and assessed punishment at
confinement for 99 years and a $10,000 fine in each case. The trial court subsequently
ordered all sentences to be served consecutively. Appellant objected to the consecutive
nature of the court's judgments. Additionally, appellant filed a motion for new trial again
raising his objection to the consecutive nature of the trial court's judgments. This appeal
followed.

 Appellant contends, and the State agrees, that all six indictments arose out of one
criminal episode. See Tex. Penal Code Ann. § 3.01 (Vernon 2003). (1) Further, appellant
states that the indictments were tried in a single criminal action, pursuant to the State's
motion filed with the trial court. See § 3.02(a). Inasmuch as the exception to concurrent
sentencing found in the Texas Penal Code does not apply to the offenses for which
appellant was convicted, the sentences must run concurrently. See § 3.03(a). The State
has conceded this issue. Accordingly, the judgments of the trial court are reformed to
delete the cumulation orders. Tex. R. App. P. 43.2(b); Robbins v. State, 914 S.W.2d 582,
584 (Tex.Crim.App. 1996). As reformed, the judgments of the trial court are affirmed. 

 Mackey K. Hancock

 Justice




Do not publish. 

1. Further reference to the Texas Penal Code will be by reference to § ___.


es of Civil Procedure. Wilson v. Dunn, 800 S.W.2d 833, 836
(Tex. 1990); Furst v. Smith, 176 S.W.3d 864, 868 (Tex. App.-Houston [1st Dist.] 2005, no
pet.). Next, subsection (b) of rule 106 provides an alternative means for service but only
when personal service has "not been successful." See Tex. R. Civ. P. 106(b). To obtain
relief under that rule, the plaintiff must move for it and support his motion with an affidavit
stating 1) the location of the defendant's usual place of business or usual place of abode
or other place where the defendant can probably be found and 2) the specific facts
showing that service had been attempted without success under either subsection of Rule
106(a) at the location mentioned in the affidavit. Id. (1) Finally, these requirements are not
met through affidavits uttering nothing more than conclusions. Wilson v. Dunn, 800
S.W.2d at 36. 

 The record before us contains Ray's motions for substituted service along with
affidavits purportedly justifying same. That pertaining to Aurora stated in pertinent part: 

 The residence address of AURORA ESPERANZA PEREZ, Respondent, is
unknown to me. To my knowledge she is actively avoiding service of
process in this case. She moved out of her last known address in the middle
of the night on November 10, 2005 after the private process server had
attempted to serve her that afternoon. She abandoned one of her other
children in the parking lot when she drove off with her boyfriend and some
of her other children. To the best of my knowledge, she is actively being
investigated by the Dallas Police Department, Medicaid Fraud Unit, the
Department of Health and Human Services and CCS. Her other school aged
children are still enrolled in JFK Elementary and Spence Middle School, but
they have not attended class since November 9, 2005. I believe that
AURORA ESPERANZA PEREZ will receive notice of this suit if the Original
Petition in Suit Affecting Parent-Child Relationship and Temporary
Restraining Order and Order Re-Setting HEARING FOR TEMPORARY
ORDERS are delivered to her mother, FRANCES PEREZ. 


That pertaining to Ismael stated in pertinent part: 

 The residence address of ISMAEL ITURRALDE, Respondent, is unknown
to me. To my knowledge he is actively avoiding service of process in this
case. I believe that ISMAEL ITURRALDE will receive notice of this suit if the
Original Petition in Suit Affecting Parent-Child Relationship and Temporary
Restraining Order and Order Re-Setting HEARING FOR TEMPORARY
ORDERS are delivered to his mother-in-law, FRANCES PEREZ.


As can be seen from these allegations, neither disclosed facts showing the number of
attempts at personal service made or the calendar dates on which service was attempted. 
Thus, neither complied with Rule 106(b) and, therefore, were fatally defective. Mackie
Constr. Co. v. Carpet Services, 645 S.W.2d 594, 596 (Tex. App.-Eastland 1982, no writ)
(holding that a failure to disclose the number of attempts made, along with the calendar
dates on which service was attempted, was held to be fatal to the affidavit); see Travis
Builders, Inc. v. Graves, 583 S.W.2d 865, 867 (Tex. App.-Tyler 1979, no writ) (holding that
an affidavit reciting that the deputy constable had used "reasonable diligence" was
defective because it failed to include the required factual statement disclosing the actual
diligence used to obtain personal service); Stylemark Construction, Inc. v. Spies, 612
S.W.2d 654, 656 (Tex. App.-Houston [14th Dist.] 1981, no writ) (holding that an affidavit
reciting that personal service had become difficult and impractical was lacking in specificity
detailing the efforts made to obtain service); Harrison v. Dallas Court Reporting College,
Inc., 589 S.W.2d 813, 815 (Tex. Civ. App.-Dallas 1979, no writ) (holding an affidavit
insufficient because it recited that "several attempts" at service were made without
disclosing the number and times of those attempts); Beach, Bait & Tackle, Inc., Store No.
2 v. Holt, 693 S.W.2d 684, 685-86 (Tex. App.-Houston [14th Dist.] 1985, no writ) (holding
that an affidavit stating that "service was impractical despite due diligence" was held
insufficient to support substituted service). So, the affidavits provided by Ray and Christina
failed to strictly comply with Rule 106 or satisfy the prerequisites to obtaining substituted
service. Thus, the attempt at substituted service was ineffective. Yet, that does not end
our inquiry for personal service was later effectuated on Aurora and Ismael on November
29, 2005, and December 6, 2005, respectively. 

 Personal Service

 Having also been personally served, we must assess whether a new trial should
have been granted for other reasons. Aurora and Ismael say it should have. We agree.

 As previously mentioned, the trial court convened its final hearing and tried the
petition of Ray and Christina on December 20, 2005. The final order arising from that
hearing and awarding managerial custody to Ray and Christina was signed eight days
later, that is, on December 28th. Having been personally served on November 29th,
Aurora's answer was due on December 26th, or the Monday following expiration of 20 days
from service. (2) Tex. R. Civ. P. 99 (b)(specifying that the defendant must appear by the
Monday following the expiration of 20 days from service); Proctor v. Green, 673 S.W.2d
390, 392 (Tex. App.-Houston [1st Dist.] 1984, no writ) (holding that when the last day of the
20-day period falls on a Monday, the defendant must appear by the following Monday). 
In turn, Ismael's appearance or answer date fell on January 2, 2006. As can be seen, the
trial court conducted the hearing and executed its final judgment before Ismael was
obligated to appear or answer. In doing so, it erred. See Conaway v. Lopez, 880 S.W.2d
448, 449 (Tex. App.-Austin 1994, writ ref'd) (stating that a default judgment rendered
before the defendant's answer is due must be reversed). 

 So too did it err in convening the December 20th trial before Aurora was required to
appear. Years ago our Supreme Court held that a trial court lacked discretion to hear and
determine a case in a defendant's absence prior to the time the defendant was notified to
appear. Rogers v. Texas Commerce Bank, 755 S.W.2d 83, 84 (Tex. 1988). Admittedly,
Rogers concerned notification of trial under Texas Rule of Civil Procedure 245. Yet, its
rationale has no less application viz the appearance date mentioned in the citation and
mandated by Texas Rule of Civil Procedure 99(b). Just as the concept of due process
prohibits the convening of a trial before the time revealed to the litigants, Rogers v. Texas
Commerce Bank, 755 S.W.2d at 84, so too would it bar a court from holding trial before the
defendant is obligated to appear. (3) In each instance, we must take care to provide the
parties their day in court. So, the trial court at bar had no authority to convene trial on
December 20th when Aurora was afforded, via citation, until December 26th to appear. 

 Finally, we conclude that the errors were harmful. At the very least they denied the
appellants the opportunity to attack, on appeal, the substantive aspects of the trial court's
decision. See Tex. R. App. P. 44.1(a) (describing when error is considered harmful). 
Accordingly, we reverse the final order and remand the cause to the trial court for further
proceedings. 

 

 Brian Quinn

 Chief Justice



 


1. Rule 106(a) of the Rules of Civil Procedure specifically states that "[u]nless the citation or an order
of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by (1)
delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon
with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail,
return receipt requested, a true copy of the citation with a copy of the petition attached thereto."
2. The 20 days expired on Monday, December 19, 2005.
3. We do not purport to extend this to cover fact situations other than those involving a defendant
whose deadline to appear has yet to expire and who has yet to appear.