**Affirmed and Memorandum Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00059-CV

**CORNELIUS AUSTIN LONG, JR., Appellant**

**V.**

**COMMISSION FOR LAWYER DISCIPLINE, Appellee**

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-79392**

## M E M O R A N D U M   O P I N I O N

The Commission for Lawyer Discipline filed this disciplinary action against Cornelius Austin Long, Jr., and obtained a judgment of disbarment against Long. Long appeals, arguing in two issues that we should reverse the trial court's judgment because (1) the trial court failed to provide him with forty-five days' notice of the trial, required by Texas Rule of Civil Procedure 245; and (2) the Commission's suit is barred by collateral estoppel. We affirm.

### BACKGROUND

The Commission filed a disciplinary petition in December 2009 against Long,

alleging that he violated the Texas Disciplinary Rules of Professional Conduct by representing an individual in a criminal cause from September 12, 2006, through February 8, 2007, despite the fact that Long's license to practice law was suspended (1) from September 1, 2006, through September 18, 2006, for failure to pay his bar dues and occupational tax; and (2) from December 29, 2006, through October 22, 2008, for non-compliance with MCLE requirements. Long did not file an answer, and the Commission moved for a default judgment.

On August 5, 2010, the Commission sent Long a notice that a sanction hearing was set for September 3, 2010. Long went to court on September 3, 2010, but the hearing was cancelled and reset for November 29, 2010; it then was reset again for December 9, 2010. At the December 9, 2010 hearing, the Commission requested that the trial court enter a default judgment against Long because he failed to file an answer to the Commission's disciplinary petition. Long appeared and objected to the Commission's motion for default judgment, arguing that he had not been served with the Commission's disciplinary petition.[1] The Commission withdrew its request for default judgment and announced that it was ready to put on its evidence. Appellant asked the trial court for an additional thirty days to prepare for trial. The court denied the request but continued the hearing until December 21, 2010.

At the December 21, 2010 hearing, Long admitted that he made a court appearance on behalf of an individual in a criminal cause in February 2007 after he had been suspended from the practice to law in December 2006. He explained, however, that he had done so after filing a written notice of appeal regarding the December 2006 suspension and believed he had obtained a stay of the effective date of suspension pending appeal. The Commission introduced documents showing an administrative suspension and other disciplinary judgments against Long that "indicate active

---

[1] Long does not raise any issues on appeal regarding service of the Commission's disciplinary petition.

2

suspension."[2]  The trial court granted the Commission's request to sanction Long with disbarment and awarded the Commission fees and costs.

Long appeals, arguing in two issues that we should reverse the trial court's judgment because (1) the trial court failed to comply with the notice requirements of Texas Rule of Civil Procedure 245 by giving Long forty-five days' notice before proceeding to trial at the December 21, 2010 sanction hearing; and (2) the Commission's action is barred by collateral estoppel because "the issues and facts . . . that were critical to the prior judgment" in two other adjudicated causes are the same as those in the present case.

## ANALYSIS

### I.  Notice of the Sanction Hearing

Long contends that the trial court's judgment must be reversed because "[t]he trial court erred in failing to comply with the requirements of Rule 245 of the Texas Rules of Civil Procedure requiring 45 days for [the] first trial setting after a reasonable request by a party."  Long contends this error "denied [him] due process of the law."  The Commission responds that we should overrule Long's issue because he (1) waived this issue by failing to raise it to the trial court; (2) failed to file an answer, rendering the case noncontested and beyond the scope of Rule 245; and (3) had reasonable notice of the December 21, 2010 trial setting.

Assuming for argument's sake that Long preserved this issue for our review, we nonetheless agree with the Commission that Rule 245 did not entitle Long to forty-five days' notice because this case is noncontested, and Long failed to establish a due process violation.

### A.  Long Was Not Entitled to Forty-Five Days' Notice Under Rule 245

Rule 245 requires a trial court to "set contested cases . . . with reasonable notice of

---

[2] Long did not request that the trial exhibits be included in the record on appeal, and he does not challenge the Commission's on-the-record characterization of these exhibits.

not less than forty-five days to the parties of a first setting for trial." *See* TEX. R. CIV. P. 245. This rule also provides, "Noncontested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time." *Id.* A case is "noncontested," and thus is not subject to Rule 245's forty-five day notice requirement, when the defendant does not file a written answer. *See Brown v. Brown*, 521 S.W.2d 730, 732 (Tex. Civ. App.—Houston [14th Dist.] 1975, no writ) (case was uncontested and notice was not required by the Texas Rules of Civil Procedure when appellant made an appearance and orally informed the trial court of his intention to contest, but he did not file a written instrument sufficient as an answer); *see also Smith v. Lippman*, 826 S.W.2d 137, 138 (Tex. 1992) ("Since Mr. Smith timely filed a written answer, he was entitled to . . . notice of the default judgment hearing [required by Rule 245]."); *Thorne v. Hansen*, No. 01-02-00880-CV, 2003 WL 22511377, at *2 (Tex. App.—Houston [1st Dist.] Nov. 6, 2003, pet. denied) (mem. op.) ("Because Thorne did not file an answer to the original complaint, this was a noncontested case [for purposes of Rule 245]."); *Harmon v. Harmon*, 879 S.W.2d 213, 215 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("Since Clifton did not answer, this was a noncontested case [for purposes of Rule 245]."), *abrogated on other grounds by Ratisseau v. Ratisseau*, 44 S.W.3d 695 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd by agr.); *Salazar v. Tower*, 683 S.W.2d 797, 800 (Tex. App.—Corpus Christi 1984, no writ) ("Appellant failed to timely file an answer; therefore, the noncontested suit pending against appellant at the time of the default judgment fell within the purview of and complied with the provision of TEX. R. CIV. P. 245 concerning noncontested cases.").

The clerk's record does not contain an answer, and the Commission claims Long never filed one. Accordingly, this case was noncontested for purposes of Rule 245, and Long was not entitled to forty-five days' notice of the first trial setting.

## B.     Long Has Failed to Establish a Due Process Violation

Regardless of Rule 245, a party is entitled to reasonable notice of trial to comport with due process under the United States Constitution. *See Boateng v. Trailblazer Health Enters.*, 171 S.W.3d 481, 492 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also PNS Stores, Inc., v. Rivera*, No. 10-1028, — S.W.3d —, 2012 WL 3800817, at *3 (Tex. Aug. 31, 2012) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)); *In re Marriage of Parker*, 20 S.W.3d 812, 818–19 (Tex. App.—Texarkana 2000, no pet.).

Long contends that the trial court's failure to give him forty-five days' notice under Rule 245 deprived him of due process.[3] Because we conclude that Long was not entitled to forty-five days' notice under Rule 245, we likewise hold that Long has failed to establish a due process violation based on a lack of forty-five days' notice. *Compare In re Marriage of Parker*, 20 S.W.3d at 818–19 (due process satisfied despite lack of forty-five days' notice when appellant received fourteen days' notice), *with Transoceanic Shipping Co. v. Gen. Universal Sys., Inc.*, 962 S.W.2d 418, 420 n.2 (Tex. App.—Houston [1st Dist.] 1997, no writ) (failure to give forty-five days' notice in a ***contested*** case violates due process).

Further, the record shows that (1) on August 5, 2010, the Commission sent to Long notice of a sanction hearing set for September 3, 2010, which Long attended;[4] and (2) Long also attended a hearing on December 9, during which the trial court provided Long an additional twelve days to prepare for the sanction hearing on December 21, 2010. Under these circumstances, we hold that Long has failed to rebut the presumption that "a trial court will hear a case only after proper notice to the parties." *Jones v. Tex.*

---

[3] Long does not argue that notice of the trial was unreasonable in this case.

[4] Long concedes these facts in his brief: "On August 5, [2]010, the Commission for Lawyer Discipline filed a Notice of Sanctions Hearing set for September 3, 2010 at 10:30 a.m. The Notice was sent to Appellant's correct address which had at all times herein relevant, to wit, 4443 Old Spanish Trail, Houston, Texas 77021. Appellant made his initial appearance but Appellee did not appear." Appellant's testimony at the December 9 hearing comports with these statements. The record also includes the August 5 notice and certificate of service, which is prima facie evidence of service. *See Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 809 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (citing TEX. R. CIV. P. 21a).

*Dep't of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no writ); *see also In re Marriage of Parker*, 20 S.W.3d at 818–19.

Long's first issue is overruled.

## II.    Collateral Estoppel

Long argues in his second issue that the trial court "erred in failing to dismiss [the Commission's] disciplinary petition after it became apparent that the issues before the court were barred by collateral estoppel."  The Commission responds that Long was required to but did not plead this affirmative defense, and he has waived it.  We agree with the Commission.

"As an affirmative defense, collateral estoppel must be pleaded or it is waived." *Domel v. City of Georgetown*, 6 S.W.3d 349, 353 (Tex. App.—Austin 1999, pet. denied); *accord Fitz v. Days Inns Worldwide, Inc.*, 147 S.W.3d 467, 470 (Tex. App.—San Antonio 2004, pet. denied); *Steel v. Rhone Poulenc, Inc.*, 962 S.W.2d 613, 617 (Tex. App.—Houston [1st Dist.] 1997), *aff'd*, 997 S.W.2d 217 (Tex. 1999).  Collateral estoppel may not be raised for the first time on appeal.  *See Domel*, 6 S.W.3d at 353.  Long failed to file an answer and plead collateral estoppel as an affirmative defense in the trial court. Accordingly, he waived this defense.

Long's second issue is overruled.

### CONCLUSION

Having overruled both of Long's issues on appeal, we affirm the trial court's judgment.

/s/      Sharon McCally
Justice


Panel consists of Justices Boyce and McCally and Senior Justice Mirabal.[5]

---

[5] Senior Justice Margaret Garner Mirabal sitting by assignment.