# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00483-CV

**L. M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 22-0072-CPS, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The underlying case concerns the admitted and alleged parental rights of multiple persons known and unknown to six children. L.M. appeals from the order terminating his parental rights to five children, two of whom he biologically fathered. The order also terminated the parental rights, if any, of another known alleged father of one of the children as well as the parental rights of unknown fathers of three of the children. The order declined to terminate the parental rights of a third known father because that child was nearing the age of majority.

By his sole issue on appeal, L.M. contends that the trial court lacked jurisdiction over the parties and subject matter to render and sign the final orders in this case. He contends that the trial court began the final termination hearing before the other alleged known fathers were required to file an answer or appear. He contends that, because the hearing did not properly begin before the statutory deadline, the order resulting from it is void.

Because L.M. does not have standing to complain about trial-court actions that pertain only to other parties and did not affect the termination of his parental rights, we will affirm the order terminating L.M.'s parental rights.

We will review the trial court's jurisdiction de novo. *See In re A.F.*, 653 S.W.3d 730, 742 (Tex. App.—Fort Worth 2019, no pet.); *N. T. v. Texas Dep't of Family & Protective Servs.*, No. 03-17-00573-CV, 2017 Tex. App. LEXIS 11024, *1 (Tex. App.—Austin 2017, no pet.) (mem. op.) (discussing personal jurisdiction). Generally, a trial court loses jurisdiction over a suit affecting the parent-child relationship (SAPCR) seeking termination of parental rights or appointment of the State as the child's conservator if the trial on the merits does not start by the first Monday after the first anniversary of the date the court rendered a temporary order appointing the Department as temporary managing conservator. Tex. Fam. Code § 263.401(a). The court can retain the SAPCR on its docket for 180 more days if it finds that extraordinary circumstances require the child to remain in the Department's temporary managing conservatorship and that such continuation is in the child's best interest. *Id.* § 263.401(b). If the court grants an extension under § 263.401(b) but does not start the trial before the extended dismissal date, the court's jurisdiction over the SAPCR terminates and the suit is automatically dismissed. *Id.* § 263.401(c).

In this case, the court started the trial on the merits within the extended time period. It rendered its first temporary order appointing the Department as temporary managing conservator of the affected children on October 28, 2022. Before one year had passed, on September 11, 2023, the court signed an agreed order retaining this suit on its docket and resetting the automatic dismissal date to April 27, 2024. The court found that extraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of

2

the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children. The court commenced the trial on the merits on March 26, 2024, at which L.M. appeared, was represented by counsel, and testified. The Department appeared through counsel, as did the children's attorney ad litem and the mother of the children and her counsel. Further hearings were held and, by letter dated June 20, 2024, the court informed the parties of its decision that it memorialized with a final order signed July 19, 2024. L.M. does not dispute that the trial began before the dismissal date and does not contend that he was not properly notified or that he was prevented from participating in the trial.

L.M. contends that the trial court lacked jurisdiction when the trial began because the other known alleged fathers were not yet required to answer or appear. He argues that a trial court has no discretion to hear and decide a case in a defendant's absence before the defendant was notified to appear. *See In re J.M.I.*, 223 S.W.3d 742, 746 (Tex. App.—Amarillo 2007, no pet.); *see also Rogers v. Texas Com. Bank—Reagan*, 755 S.W.2d 83, 84 (Tex. 1988) (holding that court had no discretion to hear and determine case in absence of defendant before he was notified to appear). In *J.M.I.*, a husband and wife sued to gain custody of their nephew. 223 S.W.3d at 743. They sued on October 27, 2005, and attempted to serve the parents. *Id.* Six days later, at a hearing at which the parents did not appear, the plaintiffs were named temporary managing conservators. *Id.* Parties must file answers by the first Monday following the expiration of twenty days from service. *Id.* (citing Tex. R. Civ. P. 99(b)). Based on their service dates, mother's answer was due December 26, 2005, and father's answer was due January 2, 2006. *Id.* On December 20, 2005—though neither parent had answered or appeared nor were they required to have done so—the trial court held a final hearing and, on December 28, signed a default judgment appointing the plaintiffs as permanent managing conservators. *Id.* at 744. The

3

court of appeals reversed, concluding that the trial was held and judgment signed before either parent was required to answer or appear. *Id.* at 745–46. The court of appeals held that the trial court erred by holding trial before either appellant was required to appear. *Id.* at 746. The court of appeals held further that the error was harmful because it deprived appellants of the opportunity to attack the substantive aspects of the trial court's decision. *Id.* There were, however, no parent-defendants in that case who had been timely served, had answered, and appeared and participated in the trial. *See generally id.*

Unlike in *J.M.I.*, the trial court here did not hold the hearing before the defendant/appellant L.M. was required to appear and did so. L.M. undisputedly had been served, had answered, and participated in the trial from its inception. L.M.'s complaint unavailingly centers on the absence of other defendants. "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). Thus, L.M. cannot successfully complain about any procedural error concerning the other fathers that does not harm L.M. If the other alleged fathers were harmed by the trial court's actions, that is for them—not L.M.—to complain about. *See In re T.N.*, 142 S.W.3d 522, 524 (Tex. App.—Fort Worth 2004, no pet.) (holding that Mother lacked standing to complain about performance of children's attorney ad litem or violation of Father's due process rights.). L.M. did not allege and does not contend that he was not properly served, did not have notice, did not have time to answer, was not required to answer or appear, did not appear at the trial, and did not have the opportunity to participate in the trial to represent his interests or make a record to challenge on appeal the substantive aspects of the trial court's decision. The record shows instead that he was timely served, that he answered, and that he was notified of and participated in the trial that started in

4

March 2024 before the cutoff date in April 2024. L.M. does not explain how any procedural failure of service or opportunity to participate concerning the other fathers deprived the trial court of jurisdiction over L.M. and his rights. Because L.M. does not show that any procedural failures as to the other fathers harmed him, he lacks standing on appeal to complain about these alleged failures.

We overrule L.M.'s sole issue on appeal and affirm the order terminating L.M.'s parental rights.[1]

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: December 6, 2024

---

[1] Because L.M. does not challenge the termination on any other ground, we need not evaluate the sufficiency of the evidence or other aspects of the propriety of the order terminating his parental rights, including the grounds for termination and the children's best interests. *See* Tex. R. App. P. 47.1 (court shall decide issues raised and necessary to final disposition of appeal); *see also In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (interpreting section 161.001(b) as requiring only one predicate ground); *Toliver v. Texas Dep't of Family & Protective Servs.*, 217 S.W.3d 85, 102–03 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding failure to challenge all of trial court's predicate-ground findings resulted in waiver); *see generally* Tex. Fam. Code § 161.001 (listing grounds for termination).