NO. 07-06-0112-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 3, 2007

_____

In the Interest of J.M.I., A Child

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO.  B34377-0510; HON. ED SELF, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The parents of the minor child J.M.I. appeal an order denying their request for a new trial after a default judgment had been entered against them.  Aurora Perez and Ismael Iturralde contend, via four issues, that 1) the trial court erred by finding that both parties had been served through substituted service on Aurora's mother, 2) the parties had presented sufficient evidence to satisfy the *Craddock* test and 3) the best interests of the child warrant a new trial.  We reverse and remand.

**Background**

Aurora and Ismael are the biological parents of J.M.I.  Aurora's brother, Ray Perez, and his wife Christina filed suit to gain custody of the child on the basis that he had been residing with them for the preceding six months.  The suit was filed on October 27, 2005,

in Hale County, Texas. On October 31, 2005, Aurora and Ismael filed a "Petition for Writ of Habeas Corpus" in the 255th Judicial District of Dallas County. A hearing was held on the habeas petition, and the trial court issued an order directing Ray and Christina to return J.M.I. to his parents. They complied with the directive. During this time, however, the Hale County suit remained pending.

Initial efforts by Ray to perfect personal service on either Aurora or Ismael were unsuccessful. So, on November 21, 2005, he moved for an order authorizing substituted service upon Aurora's mother, Frances Perez. The request was purportedly justified because both Aurora and Ismael allegedly were avoiding service. The motion was granted. Thereafter, Frances was served with citation on November 22, 2005. Six days later, the Hale County District Court conducted a hearing upon a pending motion for temporary relief. Neither Aurora nor Ismael appeared at the proceeding and, once it was completed, the trial court awarded Ray and Christina temporary managing conservatorship of J.M.I. Later that day, Ray traveled to Dallas and obtained a writ of attachment for J.M.I. based upon the Hale County order. A Dallas constable then served Aurora with the writ, seized the child, and released J.M.I. to Ray.

On December 20, 2005, the Hale County District Court convened a final hearing on the petition of Ray and Christina. Again, neither Aurora nor Ismael appeared; nor had they filed an answer to the proceeding. Eight days later, an order noting their default was signed. It also appointed Ray and Christina permanent managing conservators of J.M.I. Thereafter, the child's parents moved to set aside the order and for a new trial. A hearing was held on the motion in February of 2006, after which the motion was denied. Both parents timely appealed.

2

***Issues One through Four***

Aurora and Ismael contend that the trial court abused its discretion in denying their motion for new trial. Various grounds are raised purportedly showing this. We will address each ground in turn.

*Substitute Service*

The first ground involves an attack upon Ray's attempt at substitute service. Aurora and Ismael assert that such service was improper. We agree.

It has been firmly established that a default judgment cannot withstand a direct attack (such as this one) by a defendant who shows that he was not served in strict compliance with the Texas Rules of Civil Procedure. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.–Houston [1st Dist.] 2005, no pet.). Next, subsection (b) of rule 106 provides an alternative means for service but only when personal service has "not been successful." *See* TEX. R. CIV. P. 106(b). To obtain relief under that rule, the plaintiff must move for it and support his motion with an affidavit stating 1) the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and 2) the specific *facts* showing that service had been attempted without success under either subsection of Rule 106(a) at the location mentioned in the affidavit. *Id.*[1] Finally, these requirements are not met through affidavits uttering nothing more than conclusions. *Wilson v. Dunn*, 800 S.W.2d at 36.

---

[1] Rule 106(a) of the Rules of Civil Procedure specifically states that "[u]nless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."

3

The record before us contains Ray's motions for substituted service along with affidavits purportedly justifying same. That pertaining to Aurora stated in pertinent part:

> The residence address of AURORA ESPERANZA PEREZ, Respondent, is unknown to me. To my knowledge she is actively avoiding service of process in this case. She moved out of her last known address in the middle of the night on November 10, 2005 after the private process server had attempted to serve her that afternoon. She abandoned one of her other children in the parking lot when she drove off with her boyfriend and some of her other children. To the best of my knowledge, she is actively being investigated by the Dallas Police Department, Medicaid Fraud Unit, the Department of Health and Human Services and CCS. Her other school aged children are still enrolled in JFK Elementary and Spence Middle School, but they have not attended class since November 9, 2005. I believe that AURORA ESPERANZA PEREZ will receive notice of this suit if the Original Petition in Suit Affecting Parent-Child Relationship and Temporary Restraining Order and Order Re-Setting HEARING FOR TEMPORARY ORDERS are delivered to her mother, FRANCES PEREZ.

That pertaining to Ismael stated in pertinent part:

> The residence address of ISMAEL ITURRALDE, Respondent, is unknown to me. To my knowledge he is actively avoiding service of process in this case. I believe that ISMAEL ITURRALDE will receive notice of this suit if the Original Petition in Suit Affecting Parent-Child Relationship and Temporary Restraining Order and Order Re-Setting HEARING FOR TEMPORARY ORDERS are delivered to his mother-in-law, FRANCES PEREZ.

As can be seen from these allegations, neither disclosed facts showing the number of attempts at personal service made or the calendar dates on which service was attempted. Thus, neither complied with Rule 106(b) and, therefore, were fatally defective. *Mackie Constr. Co. v. Carpet Services*, 645 S.W.2d 594, 596 (Tex. App.–Eastland 1982, no writ) (holding that a failure to disclose the number of attempts made, along with the calendar dates on which service was attempted, was held to be fatal to the affidavit); *see Travis Builders, Inc. v. Graves*, 583 S.W.2d 865, 867 (Tex. App.–Tyler 1979, no writ) (holding that an affidavit reciting that the deputy constable had used "reasonable diligence" was

4

defective because it failed to include the required factual statement disclosing the actual diligence used to obtain personal service); *Stylemark Construction, Inc. v. Spies*, 612 S.W.2d 654, 656 (Tex. App.–Houston [14th Dist.] 1981, no writ) (holding that an affidavit reciting that personal service had become difficult and impractical was lacking in specificity detailing the efforts made to obtain service); *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 815 (Tex. Civ. App.–Dallas 1979, no writ) (holding an affidavit insufficient because it recited that "several attempts" at service were made without disclosing the number and times of those attempts); *Beach, Bait & Tackle, Inc., Store No. 2 v. Holt*, 693 S.W.2d 684, 685-86 (Tex. App.–Houston [14th Dist.] 1985, no writ) (holding that an affidavit stating that "service was impractical despite due diligence" was held insufficient to support substituted service). So, the affidavits provided by Ray and Christina failed to strictly comply with Rule 106 or satisfy the prerequisites to obtaining substituted service. Thus, the attempt at substituted service was ineffective. Yet, that does not end our inquiry for personal service was later effectuated on Aurora and Ismael on November 29, 2005, and December 6, 2005, respectively.

*Personal Service*

Having also been personally served, we must assess whether a new trial should have been granted for other reasons. Aurora and Ismael say it should have. We agree.

As previously mentioned, the trial court convened its final hearing and tried the petition of Ray and Christina on December 20, 2005. The final order arising from that hearing and awarding managerial custody to Ray and Christina was signed eight days later, that is, on December 28th. Having been personally served on November 29th,

5

Aurora's answer was due on December 26th, or the Monday following expiration of 20 days from service.[2]  TEX. R. CIV. P. 99 (b)(specifying that the defendant must appear by the Monday following the expiration of 20 days from service); *Proctor v. Green*, 673 S.W.2d 390, 392 (Tex. App.–Houston [1st Dist.] 1984, no writ) (holding that when the last day of the 20-day period falls on a Monday, the defendant must appear by the following Monday). In turn, Ismael's appearance or answer date fell on January 2, 2006.  As can be seen, the trial court conducted the hearing and executed its final judgment before Ismael was obligated to appear or answer.  In doing so, it erred.  *See Conaway v. Lopez*, 880 S.W.2d 448, 449 (Tex. App.–Austin 1994, writ ref'd) (stating that a default judgment rendered before the defendant's answer is due must be reversed).

So too did it err in convening the December 20th trial before Aurora was required to appear.  Years ago our Supreme Court held that a trial court lacked discretion to hear and determine a case in a defendant's absence prior to the time the defendant was notified to appear.  *Rogers v. Texas Commerce Bank*, 755 S.W.2d 83, 84 (Tex. 1988).  Admittedly, *Rogers* concerned notification of trial under Texas Rule of Civil Procedure 245.  Yet, its rationale has no less application *viz* the appearance date mentioned in the citation and mandated by Texas Rule of Civil Procedure 99(b).  Just as the concept of due process prohibits the convening of a trial before the time revealed to the litigants, *Rogers v. Texas Commerce Bank*, 755 S.W.2d at 84, so too would it bar a court from holding trial before the defendant is obligated to appear.[3]  In each instance, we must take care to provide the

---

[2]The 20 days expired on Monday, December 19, 2005.

[3]We do not purport to extend this to cover fact situations other than those involving a defendant whose deadline to appear has yet to expire and who has yet to appear.

6

parties their day in court. So, the trial court at bar had no authority to convene trial on December 20th when Aurora was afforded, via citation, until December 26th to appear.

Finally, we conclude that the errors were harmful. At the very least they denied the appellants the opportunity to attack, on appeal, the substantive aspects of the trial court's decision. *See* TEX. R. APP. P. 44.1(a) (describing when error is considered harmful). Accordingly, we reverse the final order and remand the cause to the trial court for further proceedings.


Brian Quinn
Chief Justice