IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00078-CV

 

In the
Matter of the Marriage of

David
Michael Little

and

Charlene
McDowell Little

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 07-002205-CVD-85

 



MEMORANDUM  Opinion










 

        Charlene McDowell Little
appeals the trial court’s final decree of divorce from David Michael Little. 
We reverse.

        In Charlene’s sole issue, she
contends that the trial court erred in signing a final judgment after a bench
trial of which Charlene had no notice.  

        Charlene waived citation. 
After the bench trial, but before the trial court signed its decree, Charlene
filed an answer.  Charlene objected to the trial court’s signing a final
judgment, on the grounds that she had had no notice of trial.  The trial court
overruled Charlene’s objections and signed its decree.

        The Fourteenth Amendment to
the United States Constitution provides: “No State shall . . .
deprive any person of life, liberty, or property, without due process of
law . . . .”  U.S.
Const. amend. XIV, § 1.  “Once a defendant has made an appearance
in a cause, he is entitled to notice of the trial setting as a matter of due
process under the Fourteenth Amendment to the federal constitution, as set
forth in Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 108 S.Ct.
896, 99 L.Ed.2d 75 (1988).”  LBL Oil Co. v. Int’l Power Servs., Inc., 777
S.W.2d 390, 390-91 (Tex. 1989) (per curiam); accord Smith v.
Lippmann, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam); Lopez v. Lopez, 757
S.W.2d 721, 723 (Tex. 1988) (per curiam); Narciso v. Davenport, No.
01-06-00160-CV, 2007 Tex. App. LEXIS 8152, at *6 (Tex. App.—Houston [1st Dist.]
Oct. 11, 2007, no pet.) (mem. op.); see In re J.B., 93 S.W.3d
609, 614-15 (Tex. App.—Waco 2002, pet. denied).  

        Due process of law requires
notice in accordance with the Texas Rules of Civil Procedure.  See, e.g.,
Mathis v. Lockwood, 166 S.W.3d 743, 746 (Tex. 2005) (per curiam); Finlan
v. Peavy, 205 S.W.3d 647, 653-57 (Tex. App.—Waco 2006, no pet.); In re
J.M.I., 223 S.W.3d 742, 746 (Tex. App.—Amarillo 2007, no pet.).  Rule of
Civil Procedure 21 provides: “An application to the court for an order and
notice of any hearing thereon, not presented during a hearing or trial, shall
be served upon all other parties not less than three days before the time
specified for the hearing unless otherwise provided by these rules or shortened
by the court.”  Tex.  R. Civ. P.
21.  Rule 21 governs notice of trial settings.  See, e.g., Jackson v. Jackson, No. 01-04-01215-CV, 2006 Tex. App. LEXIS 9495, at *8 (Tex. App.—Houston [1st Dist.] Nov. 2, 2006, no pet.) (mem. op.); Tanksley v. CitiCapital
Commercial Corp., 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied). 
“The Court may set contested cases” for trial only “with reasonable notice
of not less than forty-five days to the parties of a first setting for trial
. . . .”  Tex. R. Civ. P.
245; see Zicker v. Stewart, No. 03-04-00438-CV, 2006 Tex. App. LEXIS
738, at *9-10 (Tex. App.—Austin Jan. 27, 2006, no pet.) (mem. op.).  The Rules
of Civil Procedure also provide:

       Every notice required by these rules, and
every pleading, plea, motion, or other form of request required to be served
under Rule 21, . . . may be served by delivering a copy to the party
to be served, or the party’s duly authorized agent or attorney of record, as
the case may be, either in person or by agent or by courier receipted delivery
or by certified or registered mail, to the party’s last known address, or by
telephonic document transfer to the recipient’s current telecopier number, or
by such other manner as the court in its discretion may direct.

Tex. R. Civ.
P. 21a.  Rule 21a governs notice of
trial.  See Mathis, 166 S.W.3d at 743; Cliff v. Huggins, 724
S.W.2d 778, 780 (Tex. 1987).

        Charlene appeared by her
waiver of citation.  The record does not show that the trial court shortened
the notice period, or directed a manner of service other than those methods of
written notice enumerated in Rule of Civil Procedure 21a.  The clerk’s record
does not contain evidence of attempted notice of the final hearing to
Charlene.  At a hearing on Charlene’s objections, David conceded that he only
attempted to notify Charlene orally by telephone, not a manner of notice
contemplated by Rule 21a.  

        David points to Charlene’s
waiver of citation.  Charlene’s waiver, however, expressly “reserve[d] the
right to . . . be notified of any hearings in th[e] cause.”  (I C.R.
at 6.)  David also points to two other hearings at which Charlene failed to
appear.  We do not perceive Charlene’s failure to appear at other hearings to
have any bearing on the failure to give Charlene notice of final hearing.

        Charlene did not receive
notice of trial, which due process of law required.  The trial court erred in
signing its final divorce decree.  We sustain Charlene’s issue.

        Having
sustained Charlene’s sole issue, we reverse and remand.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Reversed and remanded

Opinion delivered and filed August 6, 2008

[CV06]






ley was indicted for the offense of driving while intoxicated (“DWI”). Based on
two prior convictions for DWI, his was a third-degree felony offense. A jury convicted him and
assessed punishment at the maximum of ten-years imprisonment. On appeal, Hailey complains
that evidence which was admitted at trial of his blood-alcohol level should have been suppressed
because it was obtained illegally. We agree. We will reverse the judgment and remand the cause
for further proceedings consistent with this opinion.
      About 1:00 p.m., Hailey was involved in a one-car accident in which he narrowly missed
colliding with another vehicle. His car ran down a steep embankment and became stuck in mud. 
Hailey waited at the scene. About twenty minutes later Department of Public Safety Trooper
Simmons and Deputy Sheriff Gannon arrived, as did an ambulance. Hailey was not physically
injured, and the ambulance left without treating Hailey or transporting him to the hospital. 
However, on the basis of Hailey’s failure of a Horizontal Gaze Nystagmus test, his condition
(smell of alcohol, inability to balance), and the results from the administration of a portable breath-testing device for blood-alcohol-level,


 Trooper Simmons decided Hailey was highly intoxicated. 
According to standard procedure, normally Simmons would have arrested Hailey and taken him
to jail; however, he decided that he would have Deputy Gannon transport Hailey to Navarro
Regional Hospital for evaluation of whether Hailey had “alcohol poisoning.”



      At the hospital, Simmons gave Hailey the statutory warnings required by section 724.015 of
the Transportation Code to be administered before a blood specimen can be obtained to determine
the alcohol concentration of a person suspected of driving while intoxicated. Tex. Transp. Code
Ann. § 724.015 (Vernon 1999). Simmons then asked Hailey to consent for a blood specimen;
Hailey refused. A person has the right not to give a specimen, unless certain conditions not
applicable in this case exist.


 Tex. Transp. Code Ann. §§ 724.012, 724.013 (Vernon 1999). 
At some point Hailey walked outside and smoked a cigarette. Simmons retrieved him and
handcuffed him to a bed in a hospital room. At some time after that an unidentified hospital
worker came into the room and took a blood specimen without obtaining Hailey’s oral or written
consent. Trooper Simmons and Deputy Gannon testified at the suppression hearing that they did
not request that the blood be drawn. There was no evidence to contradict their testimony. No one
from the hospital testified at trial. There is no evidence in the record that Hailey ever requested
or consented to any tests or withdrawals of fluid specimens or to the evaluation and treatment of
any condition.
      Three days later Hailey’s blood specimen was analyzed, and the results showed him to have
been highly intoxicated. The State subpoenaed the results of the blood test for use at the grand
jury, which later indicted Hailey.


 The results of the test, along with hospital records of Hailey’s
admission on the day of the incident, were introduced at trial.
      Hailey filed a motion to suppress the results of the blood test under article 38.23(a) of the
Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2001). 
A hearing was held in the middle of trial, after which the motion was denied. A trial court’s
denial of a motion to suppress is reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103,
106 (Tex. Crim. App. 1999). The trial court’s findings of fact are given “almost total deference,”
and in the absence of explicit findings, the appellate court assumes the trial court made implicit
findings which were supported in the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.
Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89-90 (Tex. Crim. App. 1997). The
application of any relevant law, including Fourth Amendment search and seizure law, is reviewed
de novo. Id.
      Article 38.23(a) reads:
No evidence obtained by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or laws of the United States
of America, shall be admitted in evidence against the accused on the trial of any criminal case.

The article applies not only to agents of the State, i.e., employees of the State performing their
job-related duties, or persons performing tasks at the request of a State employee, but also to
private citizens. See State v. Johnson, 939 S.W.2d 586, 587-88 (Tex. Crim. App. 1996). 
Furthermore, if Hailey’s blood was taken in violation of any state or federal law or constitutional
provision, not only the blood but also the results of the blood test should have been suppressed. 
Id. at 588; Johnson v. State, 871 S.W.2d 744, 750 (Tex. Crim. App. 1994); Bell v. State, 724
S.W.2d 780, 787 (Tex. Crim. App. 1986).
      Even though the hospital worker was not acting at the request of law enforcement, for the
evidence to be admissible under article 38.23(a) the blood specimen must have been legally taken
by the hospital worker.


 There is no evidence in the record that Hailey ever gave oral or written
consent to a blood specimen. Nor is there any evidence Hailey ever requested or consented to
evaluation or treatment of any physical or mental condition. Hailey refused to sign the outpatient
form acknowledging receipt of patient instructions.


 Finally, the record does not show Hailey was
in a condition which might justify emergency action by hospital personnel requiring the taking of
a blood specimen without consent. Health and Safety Code Ann. § 773.008 (consent for
emergency medical care is not required if a person is unable to communicate, unconscious, or
suffering from a life-threatening condition); compare Health and Safety Code Ann. ch. 313,
Consent to Medical Treatment Act. The argument that Hailey was suspected by hospital staff of
having “alcohol poisoning” is belied by the fact that the blood was not tested until three days
later.


 Furthermore, Hailey was in enough control of his faculties to walk outside for a cigarette,
and he was coherent enough to refuse Simmons’s request for a blood specimen and to answer
questions asked by hospital personnel, the answers to which were transcribed on documents
admitted into evidence at trial. Although those documents said Hailey had “acute alcohol
intoxication,” they also showed that when he arrived he was “alert,” in no pain, and without
physical injury. He was “making complete sense when asked about medical history.” About two
hours after he arrived, he was “able to walk without assistance” with “improving clearing
consciousness.” Under both the civil and criminal law of Texas, taking the blood specimen
without Hailey’s permission was an assault, and therefore illegal. Tex. Pen. Code Ann. § 22.01
(Vernon 2001); Wal-Mart Stores, Inc. v. Odem, 929 S.W.2d 513, 522 (Tex. App.— San Antonio
1996, writ denied) (the elements for a civil assault are the same as for a criminal assault). 
Therefore, under article 38.23(a), the court should have suppressed the results of the blood test.
      Having found the trial court abused its discretion in failing to suppress the illegally-obtained
evidence, we next determine if there was harm. The illegal taking of a blood specimen by the
State can be a violation of the Fourth Amendment right against unreasonable searches and
seizures. Weaver v. State, 721 S.W.2d 495, 497 (Tex. App.— Houston [1st Dist.] 1986, writ
ref’d); Ferguson v. City of Charleston, 2001 WL 273220 at *5 (U.S. March 21, 2001) (citing
Skinner v. Railway Labor Executives’ Assn., 489 U.S. 602, 617-18, 109 S.Ct. 1402, 1412-13, 103
L.Ed.2d 639 (1989)). However, because the hospital worker who took the blood specimen was
acting as a private citizen, constitutional error is not implicated. The Fourth Amendment does not
apply to the acts of private citizens. Weaver, 721 S.W.2d at 498. Therefore, we review for
whether the error affected Hailey’s substantial rights. Tex. R. App. P. 44.2(b); Vega v. State, 32
S.W.3d 897, 905 (Tex. App.— Corpus Christi 2000, no pet.).



      “A substantial right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict.” King v. State, 953 S.W.2d 266, 271 (Tex. Crim.
App. 1997). We will not reverse if, “after examining the record as a whole, [we have] fair
assurance that the error did not influence the jury, or had but a slight effect.” Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Based on the facts we have recited, we cannot say
that the record as a whole assures us that the blood test results did not influence the jury and that
Hailey would have been convicted without the results. 
      Hailey’s issue is sustained. The judgment is reversed, and the cause is remanded for further
proceedings consistent with this opinion.
 
 
                                                             BILL VANCE
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed June 20, 2001
Publish