Opinion issued February 12, 2009



 



 


    



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00831-CV
____________

DOMANICK DAVIS a/k/a DOMANICK WILLIAMS 
and TANIKA DAVIS, 
Appellants

V.

GEORGE R. MARTIN and MIANNA MARTIN, 
Appellees




On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 42167



 
MEMORANDUM OPINION

          Appellants, Domanick Davis a/k/a Domanick Williams and Tanika Davis (“the
Davises”), appeal a no-answer default judgment rendered against them on June 25,
2007, in a suit brought by appellees, George R. Martin and Mianna Martin (“the
Martins”).


 We determine whether the trial court lacked in personam jurisdiction
over the Davises due to defective service. We reverse the judgment and remand the
cause.
Background
          The Davises purchased property at 5930 Tammy Drive, Manvel, Texas which
was adjacent to the Martins’ residence. The Martins subsequently sued the Davises,
claiming that the Davises blocked the natural flow of surface waters that flowed from
the Martins’ property and maintained barriers to proper drainage, causing flooding
on the Martins’ property. The Martins sought damages, injunctive relief, exemplary
damages, civil penalties for violations of the Texas Water Code, and an equitable
easement. 
          The original petition was filed on March 26, 2007, and an amended petition
was filed on April 12, 2007. On May 3, 2007, the Martins filed a motion for
substitute service of process, requesting the trial court to authorize service by
attaching the petitions, along with copies of the motion, on the front door and gate of
the residence at 5930 Tammy Drive in Manvel, Texas. The motion alleged the
following as the basis for the granting of substitute service:
The Davises’ usual place of abode was 5930 Tammy Drive, Manvel,
Texas 77578; 
 
The Martins had attempted to serve the Davises on numerous occasions
by personal delivery, via Brazoria County Constable Willie Howell, as
attested in an attached affidavit, but had been unsuccessful;
           
Copies of the petitions had been left with the Davises’ real estate agent
and it was “highly likely” that the agent would have shared knowledge
of the petition with the Davises;
 
The Davises “visit[ed] the residence occasionally” and would “almost
certainly receive notice” if the citation were posted on the front door or
gates of the residence; and
           
The attorney for the Martins had been in communication with an
attorney claiming to represent the Davises, the Martins would inform
that attorney of the substituted service, and the Martins believed that the
Davises would have, and did already have, notice of the suit.
 
          Attached to the motion was an affidavit, signed by Willie Howell, Brazoria
County Constable, Precinct 2, which attested to the following regarding service:
I received Plaintiffs [sic] Original Petition and Plaintiffs [sic] Amended
Petition to serve upon Defendants at 5830 Tammy Drive, Manvel,
Brazoria County, Texas.
 
I have made seven (7) attempts to serve Defendants, Domanick Davis
a/k/a Domanick Williams and Tamika Davis (hereinafter referred to as
“Defendants”) with the Petitions and have been unsuccessful.
 
I have spoken with ReMax, the real estate agent attempting to sell
Defendants [sic] home, who informed me that the Defendants still reside
at the residence. The real estate agent has contact with the Defendants.
 
I have checked with the post office and no forwarding address has been
requested.
 
Notice to Defendants should be able to be obtained by posting the
citations to the entry gates and by serving Defendants [sic] real estate
agent, ReMax. 

          Also appearing in the clerk’s record, immediately following Howell’s affidavit,
is a copy of a constable’s return signed by Howell. The return is not referenced to,
nor incorporated, by either the affidavit or the motion for substitute service. The
return recites that it was returned, not executed, on April 28, 2007, and lists five
attempts at service on the Davises. It does not list the address or addresses at which
service was attempted. The following page in the clerk’s record, possibly a copy of
the back of the return, lists what appear to be two additional attempts, which likewise
do not list an address. A notation following the date and time of the fifth attempted
service states, “I talked with neighbors who advised that Mr. & Mrs. Davis did not
stay at residence very much [sic] possibly been staying in Louisiana. Check [sic] with
Post Office. No Forwarding. Home for Sale by ReMax . . . who advised that Davis
[sic] still live at Residence. But they do have 3 Homes.” 
          The trial court granted the motion for substitute service on the same day that
it was filed. The record does not reflect that any hearing took place or that any
testimony was heard. The court’s order read:
          After considering Plaintiffs’ Motion for Substitute Service and the
supporting affidavit, the Court finds Plaintiffs’ attempts to serve
Defendants have been unsuccessful and finds the substitute service
requested in Plaintiffs’ motion will be reasonably effective to give
Defendants notice of the suit.
 
          Therefore, the Court GRANTS the motion and authorizes
substitute service on Defendants, Domanick Davis a/k/a Domanick
Williams and Tamika Davis by posting the Amended Original Petition
on the gates of 5930 Tammy Drive, Manvel, Texas 77578.
 
          On May 9, 2007, Howell posted copies of the first amended petition and the
application for injunction on the front gate of 5930 Tammy Drive, Manvel, Texas,
along with individual citations for each of the Davises. 
          On June 25, 2007, the trial court granted a default judgment against the
Davises. At the time of the hearing, the trial court mistakenly believed that an answer
had been filed, but the judgment correctly states that no answer was filed. Admitted
at the hearing were copies of the citations and returns, and a copy of the order
authorizing substitute service. On the issues of jurisdiction and service, the default
judgment recited:
Defendants have not appeared in this cause though duly cited with Plaintiffs’
First Amended Original Petition. The Court determined that it had jurisdiction
over the subject matter and the parties in this proceeding . . . . Defendants were
served with citation and a copy of Plaintiffs [sic] First Amended Petition on
May 10, 2007. Citation and proof of service have been on file with the clerk
of the court at least ten days before the judgment was rendered. The deadline
for Defendants to file an answer was June 4, 2007. However, Defendants did
not file an answer or any other pleading constituting an answer. Defendants
[sic] last known address is 5930 Tammy Drive, Manvel, Texas 77578. 
Defendants are not members of the United States Military. 
 
          Appearing in the clerk’s record immediately following the judgment are: (1) an
undated, unsworn “Certificate of Last Known Address,” filed by the Martins, which
states, “Plaintiffs, George and Mianna Martin, certify that the last known address of
Defendants is 5930 Tammy Drive, Manvel, Texas 77578”; and (2) “Plaintiff’s
Soldiers’ and Sailors’ Affidavit,” sworn to by Mianna Martin on June 25, 2007,
attesting to the fact that the Davises were married to each other, were not in the
military, “have resided at 5930 Tammy Drive in Manvel, Texas” and that Domanick
Davis was a professional football player who, “until recently played for the Houston
Texans.” 
          Notices of default judgment were sent to the Davises at 5930 Tammy Drive,
Manvel, Texas on July 2, 2007, and were returned to the district clerk as
undeliverable due to the lack of a mail receptacle and the absence of a forwarding
address. 
          On July 25, 2007, the Davises filed a motion for new trial, asserting that they
were not properly served as required by Texas Rule of Civil Procedure 106 and that 
the affidavit in support of the motion for substitute service was deficient. The
Davises alleged that (1) they did not regularly live at 5930 Tammy Drive, Manvel,
Texas; (2) they had a home in Louisiana that was their primary residence and this fact
was known to the plaintiffs; (3) no service was attempted at their primary residence
in Louisiana; (4) the Manvel address was their second home; (5) no one was staying
at the Manvel address at the time that service was attempted; and (6) the constable’s
affidavit, filed in support of the motion for substitute service, failed to state the
location of the Davises’ usual abode or other place where they could probably be
found. The Davises also asserted that the Martins knew that the Davises were
represented by counsel, but never notified counsel of the motion for substitute
service, the motion for default judgment,


 or the default judgment itself. No evidence
was attached to the motion for new trial.



          A hearing on the motion for new trial took place on August 27, 2007; no
testimonial or documentary evidence was received at the hearing. The trial court
denied the motion for new trial on September 7, 2007. 
Jurisdictional Challenge
          The Davises’ first contention is that the trial court never acquired in personam
jurisdiction over them because the attempted substitute service was defective and did
not strictly comply with the requirements of Texas Rule of Civil Procedure 106.


 
They specifically aver that the affidavit used to support the motion for substitute
service did not state that 5930 Tammy Drive was their usual place of abode or place
where they could probably be found as required by Rule 106(b), argue that this
omission was fatal, and contend that the default judgment must be set aside and the
case remanded.
A.      Default judgments, jurisdiction, and strict compliance
          Before a default judgment can be properly rendered against a defendant, the
record must affirmatively demonstrate that the trial court has jurisdiction over the
subject matter and the parties. Marrot Comm’ns, Inc. v. Town & Country P’ship, 227
S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d) (citing Finlay v.
Jones, 435 S.W.2d 136, 138 (Tex. 1968)). Personal jurisdiction over a defendant to
a suit is dependant on citation issued and served in a manner provided for by law. See
Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990). If, at the time of the default
judgment, the record does not affirmatively show either an appearance by the
defendant, proper service of citation, or a written waiver of service, the trial court
does not have in personam jurisdiction to enter a judgment against the defendant. Id.;
see also Tex. R. Civ. P. 107 (“No default judgment shall be granted in any cause until
the citation . . . shall have been on file with the clerk of the court ten days.”). Even
actual notice to a defendant is not sufficient to convey jurisdiction on the trial court
and will not serve to cure defective service. Marrot Comm’ns, Inc., 227 S.W.3d at
376 (citing Wilson, 800 S.W.2d at 836).
          “[A] default judgment rendered on defective service will not stand” and rules
governing service will be “rigidly enforce[d]” on appellate review of the judgment. 
Hubicki v. Festina, 226 S.W.3d 405, 408 (Tex. 2007). In the face of a direct attack
on a default judgment, no presumptions are made in favor of valid issuance, service,
or return of citation, and “failure to affirmatively show strict compliance with the
Rules of Civil Procedure renders [any] attempted service of process invalid and of no
effect.” Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985). A default judgment rendered against a defendant who has not been
served in strict compliance with the law is improper and must be reversed. Hubicki,
226 S.W.3d at 408; Wilson, 800 S.W.2d at 838.
B.      Substitute service under Rule 106(b)
          Texas Rule of Civil Procedure 106(b) provides:
Upon motion supported by affidavit stating the location of the
defendant’s usual place of business or usual place of abode or other
place where the defendant can probably be found and stating specifically
the facts showing that service has been attempted under either [Rule
106](a)(1) or (a)(2) at the location named in such affidavit but has not
been successful, the court may authorize service
 
(1) by leaving a true copy of the citation, with a copy of the
petition attached, with anyone over sixteen years of age at the
location specified in such affidavit, or 
 
(2) in any other manner that the affidavit or other evidence before
the court shows will be reasonably effective to give the defendant
notice of the suit.
 
Tex. R. Civ. P. 106(b).
          Substitute service is not authorized under Rule 106(b) without an affidavit that
meets the requirements of the rule. See Wilson, 800 S.W.2d at 836; Olympia Marble
& Granite v. Mayes, 17 S.W.3d 437, 444 (Tex. App.—Houston [1st Dist.] 2000, no
pet.) (op. on reh’g); accord Light v. Verrips, 580 S.W.2d 157, 159 (Tex.
App.—Houston [1st Dist.] 1979, no writ) (“In personam jurisdiction cannot be based
upon substituted service unless the record shows a strict compliance with the statute
authorizing such service.”).
C.      Analysis
          Whether a trial court has personal jurisdiction is a question of law. Furst v.
Smith, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.). 
Accordingly, we review de novo the question of whether the substitute service sought
and ordered was authorized under Rule 106 and whether a default judgment could be
properly rendered against the Davises based on the substitute service utilized in this
case. See id. at 870.
          Under Rule 106(b), a trial court may authorize substitute service “upon motion
supported by affidavit.” Tex. R. Civ. P. 106(b). The affidavit must state: (1) “the
location of the defendant’s usual place of business or usual place of abode or other
place where the defendant can probably be found” and (2) the “specifi[c] . . . facts
showing that service has been attempted under either [Rule 106](a)(1) or (a)(2) at the
location named in such affidavit but has not been successful[.]” Id.
          Howell’s affidavit meets neither requirement.
          The affidavit does not state the location of the Davises’ usual place of business,
usual place of abode, or other place where the Davises can probably be found. The
affidavit does list an address for service—5830 Tammy Drive, Manvel, Brazoria
County, Texas—but fails to state that this is the Davises’ usual place of business or
usual place of abode or other place where they can probably be found.


 Moreover,
the trial court order authorizes service at 5930 Tammy Drive, not 5830 Tammy Drive,
the address attested to by Constable Howell. Howell’s affidavit does not mention
5930 Tammy Drive, nor does it state that such address is the Davises’ usual place of
business or usual place of abode or other place where they can probably be found. 
The affidavit also does not state that service had ever been attempted at 5930 Tammy
Drive, Manvel, Texas nor that such attempts had not been successful. The affidavit
does state that Howell made seven attempts to serve the Davises, but does not state
at what address such attempts at service were made, nor the times or dates of such
attempted service.


 
          We are obliged to “rigidly enforce” the requirements of Rule 106(b) and may
make no presumptions in favor of valid issuance, service, or return of citation. See
Hubicki, 226 S.W.3d at 408; Uvalde Country Club, 690 S.W.2d at 885. Howell’s
affidavit failed to comply with the strict requirements of Rule 106(b) and could not,
therefore, support the trial court’s order for substitute service.


 See In re J.M.I, 223
S.W.3d 742, 745 (Tex. App.—Amarillo 2007, no pet.) (holding that affidavits that did
not state number of attempts at service or calendar dates of attempted service failed
to comply with requirements of Rule 106(b) and were “fatally defective”); In re
Sloan, 214 S.W.3d 217, 222–23 (Tex. App.—Eastland 2007, orig. proceeding)
(holding that affidavit that did not state dates or times of attempted service and did
not state that address was defendant’s usual place of abode did not meet requirements
of Rule 106(b) and failed to support motion for substituted service); Coronado v.
Norman, 111 S.W.3d 838, 842 (Tex. App.—Eastland 2003, pet. denied) (reversing
default judgment when affidavit supporting motion for substituted service did not
contain specific dates and times of service); Olympia Marble & Granite, 17 S.W.3d
at 444 (reversing default judgment when affidavit did not state that address for
substitute service was defendant’s usual place of place of business or business
owner’s usual place of abode); Garrels v. Wales Transp. Inc., 706 S.W.2d 757, 759
(Tex. App.—Dallas 1986, no writ) (reversing default judgment when affidavit did not
state that address for substitute service was defendant’s usual place of abode or other
place where defendant could be found).
          Because substitute service was not authorized under Rule 106(b) due to a lack
of strict compliance with the rule, the attempted service on the Davises by the posting
of the citations and petitions on the gates at 5930 Tammy Drive, Manvel, Texas was
“invalid and of no effect.” See Wilson, 800 S.W.2d at 836; Uvalde Country Club, 690
S.W.2d at 885. We conclude that the trial court had no in personam jurisdiction over
the Davises and the default judgment against them was improper. Hubicki, 226
S.W.3d at 408; Wilson, 800 S.W.2d at 838. 
          We sustain the Davises first issue, reverse the default judgment, and remand
the cause.


 Pursuant to Texas Rule of Civil Procedure 123, no new service of process
is necessary. See Tex. R. Civ. P. 123 (“Where the judgment is reversed on appeal or
writ of error for the want of service, or because of defective service of process, no
new citation shall be issued or served, but the defendant shall be presumed to have
entered his appearance to the term of the court at which the mandate shall be filed.”);
Cates v. Pon, 663 S.W.2d 99, 102 (Tex. App.—Houston [14th Dist.] 1983, writ ref’d
n.r.e.) (reversing default judgment because of invalid service, but noting, under 
Texas Rule of Civil Procedure 123, that no new service was necessary because
appellant, by appealing default judgment, had submitted himself to jurisdiction of
trial court).
Conclusion
          We reverse the judgment and remand the cause to the trial court for further
proceedings. 
 



                                                                        Tim Taft
Justice
 

Panel consists of Justices Taft, Bland, and Sharp.