

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-25-00141-CV

WILLIAM J. SCHULTZ, INC. D/B/A CIRCLE C.
CONSTRUCTION COMPANY, APPELLANT

V.

JACK A. HARVEY, JR., APPELLEE

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-354687-24, Honorable Donald J. Cosby, Presiding

November 13, 2025

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

William J. Schultz, Inc. d/b/a Circle C. Construction Company ("Circle C") appeals from a final default judgment in favor of appellee, Jack A. Harvey, Jr. Through one issue, Circle C argues there are errors on the face of the record pertaining to service of citation which warrant reversal. We affirm.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

*Background*

Harvey sued Circle C and attempted service of citation through its registered agent, William J. Schultz. Various documents filed with the Texas Comptroller and Secretary of State listed the address of the corporation's registered agent and registered office as 7812 Anglin Drive, Fort Worth, Texas, USA 76117. Service of citation was unsuccessfully attempted there. Service there proved unsuccessful because no such address existed, as discovered by the process server. However, investigation by the same individual led him to discover that the registered agent actually had an address of 7810 Anglin Drive, Fort Worth, Texas.

In November 2024, Harvey moved for substitute service under Texas Rule of Civil Procedure 106. He requested leave to serve citation at the registered agent's address of 7810 Anglin Drive, Fort Worth, Texas 76117. Such leave was granted, and the trial court ordered that "service on Defendant in this cause, may be made . . . by attaching the Citation and Plaintiff's Original Petition to the door or gate of his residence, or place where Defendant can probably be found, that being 7810 Anglin Dr., Fort Worth, Texas 76117 . . . ." Citation then was posted at the entrance of the registered agent's home, which was 7810 Anglin Drive, Fort Worth, Texas 76117.

Despite having been served with citation through its registered agent, Circle C failed to timely answer. That resulted in Harvey's moving for and obtaining the default judgment in question. Thereafter, Circle C perfected this restricted appeal, which we deny due to the absence of error on the face of the record.

2

***Issue and Disposition***

Circle C attacks the default judgment through various arguments. Each implicates service of citation.

First, it contends that the "business did not receive actual notice of the suit against it until after the default . . ." and the death of its registered agent. No doubt, authority permits the service of citation through a corporation's registered agent for service. *Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 383 (Tex. App.—El Paso 2019, no pet.) (stating that domestic corporation authorized to transact business in Texas may be served through its president, vice president, or its registered agent). The record before the court indicates that occurred. Upon effectuating such service, the duty then falls upon the registered agent to forward such citation. TEX. BUS. ORG. CODE § 5.206(a)(1). In short, service upon the registered agent constituted service upon the corporation. And, that service could have been had upon some corporate officer mattered not since authority permitted service on the registered agent.

Circle C next contends that "[t]he trial court improperly ordered service on Mr. Schultz, personally, at his residence, which was not at an address on file for the corporation, rather than on him in his capacity as agent for service." In making the contention, Circle C seems to suggest that service on a registered agent could be had only at the locale designated as the registered agent's address. Yet, the proposition asserted does not survive analysis, given the authority cited to us. That authority is *J.D. Auto Corp. v. Bell*, 697 S.W.3d 441 (Tex. App.—El Paso 2024, no pet.). The passage quoted to us which Circle C apparently deems pivotal is that stating: "[a]n attempt to find

3

an entity's registered agent at any address other than the entity's registered office is irrelevant to a determination of reasonable diligence." *Id.* at 455.

Yet, *JD* dealt with service on the secretary of state as opposed to the registered agent. Under that circumstance, the secretary of state is an agent for purposes of service if, among other things, the corporate registered agent cannot, with reasonable diligence, be found at the registered office of the entity. TEX. BUS. ORG. CODE § 5.251(1)(B). Question arose in *JD* regarding whether the process server exercised the reasonable diligence required by the statute. And, in addressing the topic, the court intimated that a process server looking for the registered agent in locales other than its registered address did not factor into the equation. But, more importantly, the court neither held that service could be had only at the registered address nor that the trial court could not permit service elsewhere under Rule 106 of the Rules of Civil Procedure. And, we must remember that Rule 106 permits service "***in any other manner*** . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2) (emphasis added). So, *JD* is inapposite.

Additionally, evidence appeared in the affidavit of the process server revealing 7812 Anglin Drive was non-existent, though 7810 was not. He further indicated in the document that the "correct address" of Circle C's registered agent was 7810 Anglin. This information provided factual basis from which one could reasonably infer that a statutory mode of service (i.e., serving the registered agent) would be effective to afford notice of the suit to the corporation if served upon the registered agent at his 7810 Anglin Drive residence. And, serving that agent at 7810 Anglin was not less likely to effectuate notice of the action than other feasible substitutes since it was being served where the agent

4

lived.  *See Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 189 (Tex. 2022) (noting that the mode of substituted service may not be substantially less likely to bring home notice than other of the feasible and customary substitutes).

As for the suggestion that the corporation could have been served via other methods, such as upon its president, we find that unpersuasive.  Again, as cited earlier, authority permits service upon the registered agent; it need not occur via some other method selected by the defendant.  When there are many roads reasonably leading to the same destination, the traveler is free to select his route.

Circle C also seems to suggest that service was improper because the trial court's order permitted same at the "defendant's" "residence" and a corporation has no residence.  We find this argument unpersuasive, as well.  The order recited:

> IT IS ORDERED that service on Defendant in this cause, may be made by a licensed process server of the State of Texas by attaching the Citation and Plaintiff's Original Petition to the door or gate of his residence, or place where Defendant can probably be found, that being 7810 Anglin Dr., Fort Worth, Texas 76117, or by leaving same with anyone over 16 years of age at said location, such manner of service being reasonably effective to give said Defendant notice of suit.

As can be seen, it permitted service by posting on the "door or gate of" the "place where Defendant can probably be found, that being 7810 Anglin Dr. . . . ."  Though better care could have been taken in the grammar selected, that grammar nonetheless permitted service on the "Defendant" by posting on the door or gate found at 7810 Anglin Drive. That door or gate was the locale at which the registered agent resided.  Furthermore, the process server did what the order specified.  He "attach[ed] a true copy of the CITATION WITH PLAINTIFF'S ORIGINAL PETITION; ORDER APPROVING SUBSTITUTED SERVICE . . . to the door at the property, by delivering to the defendant, WILLIAM J.

5

SCHULTZ, INC., d/b/a CIRCLE C. CONSTRUCTION COMPANY, BY DELIVERING TO ITS REGISTRED AGENT, WILLIAM J. SCHULTZ, at the address of: 7810 ANGLIN DR., FORT WORTH, TX 76117, in accordance to the ORDER APPROVING SUBSTITUTED SERVICE UNDER RULE 106." And, again, that the registered agent resided at the 7810 Anglin Drive was reflected in the affidavit executed by the process server in support of the motion for substitute service. He described discovering the correct address (7810 Anglin Drive) via local appraisal district records and speaking with the registered agent's wife and daughter at said address when attempting to initially serve citation there. When a trial court orders substitute service, the only authority for it is the order itself. *Spanton v. Bellah*, 612 S.W.3d 314, 317-18 (Tex. 2020). The process server did what the order said he could do; he served the "Defendant" by serving its registered agent at the address specified in the order. And, Circle C neither cites authority holding nor substantively argues that a trial court may not use Rule 106 to alter the location at which a registered agent of a corporation could be served.

Circle C next argues that the affidavit executed by the process server in support of substitute service was conclusory. We acknowledged in *In re J.M.I.*, 223 S.W.3d 742, 744 (Tex. App.—Amarillo 2007, no pet.) that conclusory affidavits were insufficient to permit substitute service. *See id.* at 742. Yet, unlike the document in *J.M.I.*, that here contains the dates, times, and places on which service upon the registered agent was unsuccessfully attempted. It further provides facts illustrating how the correct address of the registered agent was found (via appraisal district records) and how confirmation of the correct address was obtained (via encountering the wife and daughter of the

6

registered agent at the correct address).  So, we cannot say the affidavit at bar was conclusory.

Circle C finally posits that the citation lacked the district court's seal and notification of the need to serve initial disclosures within 30 days.  *See* TEX. R. CIV. P. 99(b)(2) & (13) (stating that the "citation shall . . . be signed by the clerk under seal of court . . . [and] notify the defendant that the defendant may be required to make initial disclosures").  Our independent review of the multiple volumes of the clerk's record revealed otherwise.  So, it is again mistaken.

In sum, we overrule appellant's issue and multiple arguments thereunder and affirm the default judgment.

Brian Quinn
Chief Justice